JACKSON, *ex dem.* NORTON, *against* SHELDON.

A lessor, after distraining for rent arrear though the distress be insufficient to satisfy it, cannot afterwards bring eject-ment on account of the same rent upon the clause of re-entry under the 23d section of the statute concerning distresses, rents and the renewal of leases, (1 R. L. 440. 1.)

The act of distraining waives the forfeiture.

When a forfeiture has accrued upon a clause of re-entry for rent in arrear, the forfeiture will be waived if the landlord afterwards do any act which amounts to an acknowledgment of a subsisting tenancy ; as if he receive rent due at a subsequent quarter ; or distrain for that in respect of which the forfeiture accrued.

EJECTMENT for part of lot No. 69, Bedlington patent ; tried at the Delaware circuit, September, 1823, before NELSON, C. Judge.

The action was upon the 23d section of the statute concerning distresses, rents and the renewal of leases, (1 R. L. 440-1.)

On the trial, it was proved that John Lake, by indenture of lease, dated May 31st, 1792, granted and demised in fee simple, certain land of which the premises in question are

a part to William Cornell and others, at the annual rent of $118 75 payable on the 30th day of May. The lease contained the usual clause authorizing the lessor to distrain; and if no sufficient distress could be found, to re-enter. Lake, having devised all his interest in lot 69 to the lessor of the plaintiff, and there afterwards being in arrear $1825 09 of rent, he, by his bailiff, on the 19th September, 1821, distrained for that sum, all the goods and chattels to be found on the lot, the value of which distress was less than $1000. Thus, not being able to find a sufficient distress, the bailiff afterwards, on the same day, served the declaration in this cause on the defendant, who was one of the tenants in possession, claiming under the lease.

The plaintiff resting here, the defendant's counsel moved for a nonsuit, on the ground that the distress was a waiver of the forfeiture for non-payment; that the plaintiff could not both distrain and bring ejectment for the same rent. It being admitted that there was no forfeiture for non-payment subsequent to the distress, the judge non-suited the plaintiff.

A motion being made, for the plaintiff, to set aside the nonsuit; the single point was, whether distraining for the rent waives the right to maintain ejectment under the statute.

This cause was twice argued; first at August term last, and afterwards, by direction of the court, in February term last.

_S. Sherwood_, for the plaintiff, agreed that at common law a distress would waive the forfeiture. He said, the forfeiture there being absolute and final, the law seized on every pretence to do it away. But under the statute, nothing short of actual payment should be allowed to have that effect. This action of ejectment is, in effect, a mere suit for the recovery of the rent; a mode pointed out by statute to compel its payment. For this purpose, it declares the forfeiture, and the extent of it. One half year's rent in arrear, a clause of re-entry, and no sufficient distress, are enough to maintain the action.

It is true, that Woodfall, in his treatise on landlord and tenant, speaking of the statute 4 Geo. 2, ch. 28, s. 2, from

**NEW YORK, May, 1826.**

Jackson
v.
Sheldon.

which the statute in question was copied, says that distrain-ing for rent will waive the forfeiture. He cites Cowp. 247, which certainly does not bear him out; and perhaps lays down the true rule on the subject. That was the case of a receipt of rent; and the question was whether this was not a waiver of the notice to quit. The court held that the question should be left to the jury to say with what intent the rent was received; and whether it was meant as a waiver or not. (*Doe* v. *Batten,* Cowp. 243, &c.)

A distress and action of debt, or assumpsit for the rent, are concurrent. (*Cornell* v. *Lamb,* 20 John. 407.) Why not ejectment also, which is turned by the statute to the purpose of recovering the rent? The cases go upon an intention to affirm the title or continue the tenancy, on the part of the landlord. This is plain from Green's case. (Cro. Eliz. 3. 1 Leon. 262, S. C. 18 Vin. Abr. Rent, (L. b.) S. C.)

A case in point was cited by Gibbs, *arguendo,* in *Goodright* v. *Cordwent,* (6 T. R. 220.) It is that of *Brewer* v. *Eaton,* before Ld. Mansfield; in which he held expressly, that taking an insufficient distress, was not a waiver of a previous re-entry. This case is cited and recognized as good law by Adams on ejectment, 161, Am. ed. True, this was not upon the statute; but the principle of the case applies. The forfeiture is now complete without any re-entry. The statute declares certain things shall be equivalent to that; and the right is as firmly fixed as if the formality of a common law entry had been resorted to.

Indeed, distress is but a mode (and it is many times a necessary mode) of determining whether there be enough property on the premises, to countervail the arrears of rent. This may be determined with greater certainty by distress and sale, than by a mere estimate. There may be enough to pay a part of the rent. Till it is determined that the distress is insufficient, there can be no ejectment. The insufficiency must first be settled in some way. A distress would seem to be necessary, in order to entitle the landlord to bring the action. Till it is made, and has failed to produce enough, no forfeiture has arisen.

*Talcott* (attorney general) for the defendant. No doubt an action for rent and 'distress are concurrent remedies. Their object is the same. They both suppose the tenancy to continue; and concede that it may continue. But the question is very different in ejectment, which, in its nature, denies a subsisting tenancy. Suppose, as is contended on the other side, that this defendant's title had been divested by a common law re-entry, the subsequent receipt of rent would not revest the title : suppose also that the proceedings under our statute come in place of the common law entry ; it does not follow that here has been no waiver, but the contrary. When the entry was made at common law, the estate was gone ; but it is not so upon the statute. It continues. The statute re-entry is incomplete till after the trial. The rights of the landlord then, and not till then, become fixed as at common law. And it cannot be denied that an action or a distress for the rent, before the estate is vested in the landlord, will be a waiver of the action of ejectment.

The principle of the cases cited on the other side does not relate to the quantum of rent received ; as whether it be the whole or only a part. They go upon the ground that a receipt of rent acknowledges the continuance of the tenancy. This is the same, whatever the sum which is received may be. A stronger acknowledgment of tenancy cannot be conceived, than what arises from a distress. After such an act, the landlord cannot say that he has terminated the tenancy. He is estopped to hold such language. (Woodf. L. & T. 2 Lond. ed. 519. Bull. N. P. 96. Cowp. 247. Woodf. L. & T. Am. ed. 161, 247-8. Cro. Eliz. 3. 3 Salk. 3. 1 T. R. 386-7.)

But suppose the want of a sufficient distress &c.; the case provided for by the statute, is, *per se*, a forfeiture, and vests the landlord with title like an entry at common law ; the authorities are strong, especially in the case of a freehold lease, that the receipt of rent, or a distress, is a waiver of the ejectment, whether at common law, or upon the statute. (Adams on Ejectment, Am. ed. 160-1, and the cases there cited.

The statute merely gives a new ground for a remedy on an old covenant or provision in leases; and if a distress waived the old ground, for the same reason, it waives the new one.

*D. Cady*, in reply. I will not deny, that what would be a waiver at common law, is so under the statute. It is enough, that less will not be a waiver in the latter, than was necessary in the former case. Now, it is certainly clear, upon authority, that at common law, the landlord might receive rent; and by parity of reason, distrain the next day after he had made a demand and technical entry; and yet, that this should not work a waiver of his entry. The 25th section of the statute expressly provides, that if the rent be received or tendered after suit brought, it shall be a waiver. It follows that, in truth, the right which an entry at common law gave, does not arise under the statute till after the trial. At a certain point of the proceedings, payment is declared to be unavailable. There is no forfeiture, in this case, till after trial. Till that time, payment may be made, whether the landlord consent or not. Thus, the statute does not merely provide a new remedy; it gives new rights to the tenant. At common law, if the estate was forfeited, the tenant was obliged to go directly to a court of equity. In this case he need not do so, provided he pay at any time before the trial. At any previous stage of the suit, this court may interfere.

Here the distress was in the morning; and the ejectment in the afternoon of the same day. Suppose, at common law, the landlord goes the rent day of the second year, and distrains for the first year; and then, just before sun down, demands the second year's rent, and enters technically for its non-payment. The land is gone at law. The object of the proceeding was the land. Here it is the rent. The declaration in ejectment need not be served on the precise day of the rent becoming due. The service afterwards stands in stead of a re-entry. It takes effect from the time when the act is done; and does not relate to the common law day of entry. This produces the forfeiture. It comes

in place of the common law demand.   The mere want of
sufficient distress, is, in neither case, a forfeiture; and let it be granted, that in both cases, if the landlord receive the rent, the entry is waived; the ejectment is gone.   Under the statute, the estate is not lost to the tenant, even at law till after the trial.   It is not lost in equity till six months after execution executed.

No doubt the landlord might have sued upon the covenant.   This, however, might or might not have proved efficacious, accordingly as he was able or not to find out the assignees.   Legislative provision was necessary for such a case.   The statute declares when judgment shall be given.   It follows on proof, that six month's rent is due; that there is a right of re-entry, and no sufficient distress. It was certainly competent for the legislature to make this provision.   In all cases, the landlord may reply that he distrained, and that the distress proved insufficient.   (18 Vin. 553, Rent, (C. c.) pl. 1.)   We have pursued the course marked out to us by the law.   We had a right to distrain in the morning.   We did not find enough to satisfy our rent; and we found nothing in the afternoon.   We then brought our ejectment.   We had a right to these various remedies.   If the whole rent be not satisfied, the landlord may re-enter.   (6 Bac. Abr. Am. ed. 38, tit. Rent. Cro. Jac. 511.)   The forfeiture in this case, is made merely nominal by the statute, like the penalty of a bond, where we always look to the condition.   In this case, our attention is confined to the rent.   Why then, all the strictness, which is contended for, when no more than equity is done to the claimant?

*Curia*, per WOODWORTH, J. (after stating the facts.)

The question to be decided is, whether the plaintiff, after having distrained, can, under the statute, maintain this action.

It is material to enquire, whether *as respects the point under consideration*, the statutes, (1 R. L. 440, and 2 Geo. 2, ch. 28,) have changed the common law doctrine, as understood before the passing of those acts.   Where there is

NEW YORK,  a condition of re-entry, reserved for non-payment of rent,
May 1826.   to entitle a party to re-enter, the common law requires that
Jackson     a demand be made of the precise amount of rent due, on
v.          the day it is payable, at the most notorious place upon the
Sheldon.    land, and convenient time before sunset. (1 Saund. 287,
n. 16, and the authorities there cited.) If all these steps
were regularly pursued, and the landlord recovered, he
still continued always liable to an uncertainty of posses-
sion, from its remaining in the power of the tenant to offer
a compensation at any time, in order to found an applica-
tion for relief in equity. The intention of the statute was
to obviate the niceties before specified; and to limit and
confine the tenant to six calendar months after execu-
tion executed, to make application for relief. (1 Burr.
619. 1 Saund. 287, n. 16.) As to every other point, not
provided for by the statute, the law remains the same as
before the passing of the act. Whatever might be urged
as sufficient to defeat the action, where the re-entry is un-
der proceedings at the common law, must necessarily be
so, when they are under the statute. The estate granted
in this case, was upon condition : and might be defeated
if the condition was not performed. (Co. Lit. 201, b.)
A re-entry for condition broken, can only be supported on
the ground that the tenant's right is forfeited at law ; but
the right of forfeiture may be waived by the landlord ;
and whenever this is done, it follows that the action is
gone. When a forfeiture has accrued upon a clause of re-
entry for rent in arrear, the forfeiture will be waived, if the
landlord do any act after the forfeiture, which amounts
to an acknowledgment of a subsisting tenancy ; as if he
receives rent due at a subsequent quarter, or distrain for
that, in respect of which the forfeiture accrued. In the
case of a distress, the reason is given by Lord Coke. " If
the lessor distrains for the same rents, for which the de-
mand was made, he hath thereby affirmed the lease, *for
after the lease determined, he cannot distrain for the rent.*'
(3 Rep. *Pennant's case,* 64. Adams on Eject. 160. Co:
Lit. 211, b. 3 Salk. 3. Woodf. 496. 1 Saund. 287, n. 16.)
This seems to be the established common law doctrine, and
is decisive as to the case before us. If the plaintiff here is

entitled to recover, it must be on the ground of forfeiture, that the rent has not been paid according to the condition. If the tenancy still exist, there can be no foundation for the action. In this case, there was no sufficient distress, and more than six months rent in arrear. By the terms of the lease it was voidable, at the election of the plaintiff. He elected to distrain, which he could not do at the common law, if the lease was determined. This shows that he intended to waive the forfeiture; at least so the law considers it. After this the remedy by re-entry, so far as respects the rents previously accrued, could not be enforced.

The doctrine thus laid down is supported in all the subsequent cases. Thus, in 1 H. Bl. 311, it was held that a distress taken for rent, accrued after the expiration of a notice to quit, is a waiver of the notice. Lord Loughborough observed, that the taking a distress, was *an express confirmation of the tenancy.* On the same principle, it is held that the receipt of rent, as such, after the expiration of a notice to quit, is a waiver. (6 D. & E. 220.)

The fact that an insufficient distress was taken, cannot vary the principle; for the tenancy is equally affirmed, whether the landlord finds goods and chattels to satisfy all the rent due, or a part only. It is the act of distraining that shows the intent to waive the forfeiture; not the amount that is recovered under that proceeding.

I have not discovered any thing that seems to hold a different language, except the remarks in Adams on Eject. 161. He observes cautiously, that a landlord will not waive his right of re-entry for a forfeiture, incurred by non-payment of rent, by taking an insufficient distress for that rent. The case of *Goodwright* v. *Cordwent,* (6 D. & E. 220) is cited. The point there decided was, that if a landlord receives rent, due after the expiration of a notice to quit, it is a waiver of that notice. But Gibbs, *arguendo,* referred to *Brewer ex dem. Lord Onslow* v. *Eaton,* E. 23 G. 3. B. R., where, as he alleged, it was held that the lessor of the plaintiff had not waived his re-entry on a forfeiture incurred by non-payment of rent, by taking an insufficient distress for that rent; and that Lord Mansfield said, "it is like the receipt of rent after

the demise, about which there was so long a puzzle. Tha·
is now finally settled to be no objection. It is receiving
what the landlord might recover in an action for the mesne
profits." I have not been able to find the report of this case.
It seems to me, however, that if the action was to recover
on the ground of a forfeiture, incurred for non-payment of
rent, it is opposed to the whole current of authority on this
subject; for it is not like the case of receiving rent after
a forfeiture which accrued previously, and may be received
without a waiver, because the landlord can recover it on
the covenant to pay; but it is like the receipt of rent, as such,
accrued subsequent to, and received after the forfeiture,
which implies an affirmance of the lease; inasmuch as rent
cannot accrue on an estate that is forfeited. The landlord,
it is true, may recover damages in an action for the mesne
profits, after the re-entry, by reason of the forfeiture, is per-
fected; but in that case the defendant is considered a tres-
passer. In *Cheney* v. *Batten*, (Cowp. 243,) it was held that
the mere acceptance of rent by a landlord, for occupation
subsequent to the time when the tenant ought to have quit-
ted, according to the notice given to him for that purpose, is
not, of itself, a waiver of the notice. Admitting this to be
the law, where the tenant holds over, and has received a
notice to quit, it does not prove that the same principle is
to be applied, when the right of re-entry is founded on a for-
feiture, which is in derogation of an existing estate. The
distinction is taken by Aston, justice, in the case last cited,
who observes, that where an ejectment has been brought on
the statute 4 Geo. 2, for the forfeiture of a lease, there, ac-
ceptance of rent by the landlord has been held a waiver of
the forfeiture: which might well be; for it is a penalty, and
by accepting the rent, the party waived the penalty; but in
the case of a notice, it was only a waiver of the right to
double rent, and did not necessarily imply a consent that
the tenancy should continue. The case of *Roe* v. *Harrison*,
(2 D. & E. 425,) supports this distinction. It was an action
to recover on the ground of forfeiture for assigning without
leave in writing, which the *proviso* required. It was there
held, that receiving rent after the forfeiture was no waiver

unless the forfeiture were known at the time. Ashurst, justice, says, and the other judges concurred, that the receipt by the landlord of rent subsequent to the forfeiture, was indeed an acknowledgment of the tenancy, when he knows the act of forfeiture at the time ; and in *Goodright* v. *Cordwent*, (6 D. & E. 186,) the case from Cowper was overruled ; for there, even in the case of a notice to quit, it was held, that if the landlord receive rent, due after the expiration of the notice, it is a waiver of that notice. Lord Kenyon, who delivered the opinion of the court, in reference to the cases of *Doe ex dem. Cheney* v. *Batten,* and *Brewer, ex dem. Onslow,* v. *Eaton,* says, " I cannot assent to the doctrine laid down in these cases, that the receipt of rent, accruing after the expiration of the notice to quit, is not a waiver of it ; for, according to that doctrine, the same person might stand in the relation of tenant and trespasser to his landlord at the same time. From this review, I think the case cited by Gibbs cannot be received as law ; for whatever may be the effect of receiving rent after a notice to quit, making a distress after forfeiture, as has been shown, is a waiver ; for it cannot rightfully be made, unless the lease is affirmed. The one is an unequivocal act of affirmance. The receipt of rent is not, in all cases, a waiver. Lord Coke, in 3 Rep. 64, has stated the rule with precision : " If a man makes a lease for years, rendering rent, on condition that if the rent be behind, to re-enter, in that case, if the lessor demands, and it is not paid, and afterwards he accepts the rent at a day after [that is, rent that accrued subsequent to the demand] he hath dispensed with the condition ; but although in such a case, he accepts the rent due at the day the demand was made, yet he may re-enter; for as well before as after his re-entry he may have an action of debt for the rent, on the contract between the lessor and lessee."

· After a patient examination of the authorities, and attentive consideration of this cause, I am of opinion, that the motion to set aside the non-suit be denied.